Scott Brutocao (Cal. SBN 174418)
sbrutocao@cornellsmith.com
Desiree Brutocao (Cal. SBN 181175)
dbrutocao@cornellsmith.com
**CORNELL SMITH MIERL BRUTOCAO BURTON LLP**
1607 West Avenue
Austin, TX  78701
Telephone:      (512) 328-1540
Facsimile:      (512) 328-1541

Attorneys for Defendants
NATIONAL INSTRUMENTS CORPORATION
and MARC MARINI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAMJIT BANWAIT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NATIONAL INSTRUMENTS CORPORATION; MARC MARINI; and DOES 1 through 20, inclusive,<br><br>　　　　　Defendants. | Case No.   5:19-cv-3833<br><br>**DEFENDANTS NATIONAL INSTRUMENTS CORPORATION AND MARC MARINI'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>[Complaint filed May 16, 2019 and removed from the Superior Court of California, County of Santa Clara, Case No. 19CV348213] |

TO:     THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants National Instruments Corporation ("NIC") and Marc Marini ("Marini") (collectively "Defendants") remove this action to this Court from the Superior Court of the State of California, County of Santa Clara. In support of this Notice of Removal, the Defendants respectfully state:

STATE COURT ACTION

1. Plaintiff Paramjit Banwait ("Plaintiff") commenced a civil action (the "State Court Action") on or about May 16, 2019, in the Superior Court of the State of California, County of Santa Clara, by filing a Summons and Complaint, entitled *Paramjit Banwait v. National Instruments Corporation, Marc Marini*, Case No. 19CV348213. Plaintiff served the Summons and Complaint on the Defendants on June 3, 2019. No further proceedings in this matter have been held in Superior Court. In compliance with 28 U.S.C. §1446(a), the attached Exhibit A contains all service of process on Defendants (except discovery), all documents and pleadings filed in the State Court Action and all orders issued by the state court at the time of this removal.

2. Plaintiff's Complaint alleges age discrimination, harassment and retaliation in violation of the Fair Employment and Housing Act ("FEHA"), failure to prevent discrimination, harassment and/or retaliation in violation of FEHA, wrongful termination in violation of public policy, violation of California Labor Code Section 925, and violations of the California Business and Professions Code Section 17200. Plaintiff seeks back pay, loss of income, general damages, special damages, compensatory damages, punitive damages, statutory penalties, interest, and attorney's fees.

GROUNDS FOR REMOVAL; DIVERSITY OF CITIZENSHIP

**Timeliness**

3. This action is removable under 28 U.S.C. § 1441(a) and (b) because the Court has original jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction. This Notice of Removal is filed within 30 days of the receipt of Plaintiff's Complaint for Damages and is timely filed under 28 U.S.C. § 1446(b)(1).

**Complete Diversity of Citizenship**

4. This Court has original jurisdiction based on diversity of citizenship because Defendant NIC is now and was at the time the action commenced diverse in citizenship from Plaintiff. 28 U.S.C. § 1332(a)(1). NIC is not now and was not at the time the State Court Action was commenced a citizen of the State of California. NIC is a corporation that is incorporated in Delaware. NIC's headquarters are based in Austin, Texas, which is NIC's "nerve center" – i.e.,

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION

center of direction, control and coordination.  Therefore, NIC is a citizen of Delaware and Texas.  28 U.S.C. § 1332(c)(1).

5. This Court has original jurisdiction based on diversity of citizenship because Defendant Marini is now and was at the time the action commenced diverse in citizenship from Plaintiff.  28 U.S.C. § 1332(a)(1).  Marini is not now and was not at the time the State Court Action was commenced a citizen of the State of California.  Marini's domicile is in New Braunfels, Texas.  Therefore, Marini is a citizen of State of Texas.

6. The alleged citizenship of the Defendants DOES 1 through 20 shall be disregarded in determining whether a civil action is removable under 28 U.S.C. § 1332(a).  28 U.S.C. § 1441(b)(1).

7. Plaintiff Banwait alleges that at all times relevant to the State Court Action he is an individual with his residence in California.  [Plaintiff's Complaint at ¶ 1].

8. Because the Plaintiff and Defendants are citizens of different states, complete diversity of citizenship exists between the parties for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

**Amount in Controversy**

9. When a defendant removes to Federal Court on the basis of diversity jurisdiction, the defendant need only plausibly allege that the amount in controversy exceeds $75,000.  Plaintiff in his Complaint does not allege a specific amount of damages; however, Plaintiff seeks affirmative relief including, among other things, back pay.  Plaintiff was a highly compensated engineer at NIC with a base salary of $189,000.00.  Plaintiff's last day of employment with NIC was February 28, 2019.  Therefore, based on Plaintiff's claim for back pay alone, Plaintiff's claim nears the $75,000 requirement based upon his rate of pay at the time his employment ended for the four months that have elapsed between that date and the present.  However, Plaintiff also requests relief in the form of compensation for mental distress, punitive damages, compensatory damages and attorneys' fees, all of which are potentially recoverable under California law.  Therefore, the amount in controversy in this action well exceeds, exclusive of interest and costs, $75,000.  Because the amount in controversy in this action exceeds, exclusive of interest and costs, $75,000, this Court has subject

matter jurisdiction pursuant to 28 U.S.C. § 1332 and this removal is proper.

<u>NOTICE TO STATE COURT AND ADVERSE PARTIES</u>

10. Pursuant to 28 U.S.C. § 1446(d), Defendants hereby certify that they are simultaneously filing with the State Court a Notice of Filing of Notice of Removal to Federal Court, and attaching such document to this Notice of Removal as Exhibit B.

11. Pursuant to these statutes and in conformance with the requirements of 28 U.S.C. § 1446, Defendants remove this action from Superior Court of California, County of Santa Clara on this 2nd day of July 2019.

WHEREFORE, Defendants respectfully request that this action be removed to this Court, that this Court accept jurisdiction over this action, and that this action be entered on the docket of this Court for further proceedings as though this action had originally been instituted in this Court.

DATED: July 2, 2019

**CORNELL SMITH MIERL BRUTOCAO BURTON LLP**

By: _/s/ Scott Brutocao_
Scott Brutocao

Attorneys for Defendant
NATIONAL INSTRUMENTS CORPORATION and MARC MARINI

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via the Court's ECF system to the following attorneys of record:

Lawrence W. Freiman (lawrence@freimanlegal.com)

      /s/ *Desiree Brutocao*
      Desiree Brutocao

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION